**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

United States of America,

    Plaintiff,                                     Case No. 1:20cr20

    v.                                            Judge Michael R. Barrett

Nicholas Veerkamp,

    Defendant.

**OPINION & ORDER**

This matter before the Court upon the United States' Motion *in Limine* and Notice of Intent to Introduce Other Acts Evidence. (Doc. 46). Defendant Nicholas Veerkamp has filed a Response in Opposition (Doc. 47). On October 12, 2022, a hearing was held on the Motion. (Doc. 55). Following the hearing, the United States submitted a bench brief regarding the admissibility of evidence under Federal Rules of Evidence 414 and 403.

**I.**      **BACKGROUND**

In the Second Superseding Indictment, the United States has brought the following counts against Defendant: two counts of Sexual Exploitation of Children, in violation of 18 U.S.C. §§ 2251(a) and (e); one count of Receiving Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1); one count of Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2); and one count of Penalties for Registered Sex Offenders, in violation of 18 U.S.C. § 2260A. (Doc. 48).

According to the United States, on November 24, 2019, the Colerain Township Police Department received a walk-in complaint from R.M., who reported that she found sexually explicit photos of a female juvenile on a laptop computer belonging to her boyfriend, Defendant Nicholas Veerkamp. Agents executed a search warrant at the home of Defendant's parents, where Defendant was temporarily living. The search revealed that the laptop contained images of Minor Victim A asleep on a bed while a hand pulled down her pants and underwear to expose her genitalia. Metadata for the images indicates a creation date of October 21, 2017. The laptop also contained a series of images of Minor Victim C, which show Minor Victim C asleep while a hand slides her underwear to the side to expose her genitalia. Metadata for these images indicates a creation date of August 17, 2017.

In addition, the laptop contained images of Minor Victim B spreading her exposed genitalia with her fingers. Metadata from the image indicates it was created on July 25, 2017. Defendant was involved in a sexual relationship with Minor Victim B when she was between 12 and 14 years old and Defendant was in his early 20s. Defendant was indicted in Hamilton County Court of Common Pleas for three counts of Unlawful Sexual Conduct with a Minor. Defendant plead to reduced charges of three misdemeanor counts of Sexual Imposition and was sentenced to 3 years of probation with a 180-day suspended sentence. As a result of this conviction, Defendant was required to register as a sex offender.

Agents also seized a Sony CyberShot digital camera from Defendant's room in the basement; and a SD memory card from the garage. The SD card from the garage contained images of what appears to be a girl around two to four years old, wearing

pajamas and covered with a blanket. The photos were taken in the dark with a camera flash. The girl's pants and underwear are pulled down so that the girl's buttocks and genitalia are exposed. Two of the images show a hand pulling back the buttocks of the girl to expose more of her genitalia. Metadata from the images indicate they were taken with a Sony CyberShot camera on July 4, 2007 around 3:00 in the morning. At the time the images were taken, Defendant would have been fifteen years old. The girl in the images has not been identified. The SD card also includes photos of other children—all boys—which were taken earlier that same night at around 10:00 p.m. While one of these photos appears to be of Defendant himself, the other boys in the photos have not been identified. None of the photos of the boys are explicit, but one photo does show a boy with his shirt over his head giving the middle finger to the camera.

The parties have resolved nearly all the issues raised by the United States in its Motion *in Limine* and Notice of Intent to Introduce Other Acts Evidence. The only remaining issue is the admissibility of the images contained on the SD card found in the garage.[1] The United States maintains that the images from the SD card are admissible under Federal Rule of Evidence 414 and should not be excluded under Federal Rule of Evidence 403.

## II.    ANALYSIS

Generally, "evidence of any other crime, wrong or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with that character." Fed. R. Evid. 404(b)(1). However, Federal Rule of

---

[1] At the October 12, 2022 hearing on the motion, the United States identified the specific images it seeks to introduce into evidence. The file names of these images are: (1) DSC 267; (2) DSC 268; (3) DSC 271; (4) DSC 259; and (5) DSC 243.

Evidence 414(a) provides that "[i]n a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant." Fed. R. Evid. 414(a). Therefore, "Rule 414 'create[d] an exception to the general ban on propensity evidence contained in Rule 404(b).'" *United States v. Libbey-Tipton*, 948 F.3d 694, 701 (6th Cir. 2020) (quoting *United States v. Underwood*, 859 F.3d 386, 393 (6th Cir. 2017)).

There is no dispute that Rule 414 is applicable here. Under Rule 414, "child" means a person under the age of 14. Fed. R. Evid. 414(d)(1). With regard to the term "child molestation," the Sixth Circuit has observed that:

> The rule's definition of "child molestation" sweeps in many crimes, including those listed in 18 U.S.C. chapter 109A (which includes crossing state lines with intent to have sex with a child, 18 U.S.C. § 2241(c)); those listed in 18 U.S.C. chapter 110 (which includes possession of child pornography, 18 U.S.C. § 2252(a)(4)(B)); and any other federal or state offense that involves "contact between any part of the defendant's body ... and a child's genitals" or "contact between the defendant's genitals ... and any part of a child's body." Fed. R. Evid. 414(d)(2)(A)–(D).

*United States v. Hruby*, 19 F.4th 963, 966, n.1 (6th Cir. 2021). In addition, "[t]he standard for relevancy is extremely liberal: evidence is relevant 'if it has any tendency to make a fact more or less probable than it would be without the evidence.'" *United States v. Deuman*, 568 F. App'x 414, 420 (6th Cir. 2014) (quoting Fed. R. Evid. 401). Moreover, "'Rule 414 itself was a strong legislative judgment that evidence of prior sexual offenses' have probative value and 'should ordinarily be admissible.'" *Id.* (quoting *United States v. Gabe*, 237 F.3d 954, 959 (8th Cir. 2001)).

However, the Sixth Circuit has cautioned that "Rule 414(a) evidence, like other similar-acts evidence, 'is relevant only if the jury can reasonably conclude that the act

4

occurred and that the defendant was the actor.'" *United States v. Hruby*, 19 F.4th at 966-67 (quoting *Huddleston v. United States*, 485 U.S. 681, 689, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988)). Therefore, when examining Rule 414(a) evidence for relevance, "the trial court does *not* decide if the defendant committed the similar act or even if the similar act occurred." *Id.* at 967 (emphasis in original) (citing *Huddleston*, 485 U.S. at 690, 108 S.Ct. 1496). "Instead, the court only 'examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact ... by a preponderance of the evidence.'" *Id*.

The relevance of the proposed Rule 414(a) evidence in this case gives the Court pause. The Court notes that a great many of the cases which have addressed the admission of similar acts were "independently proven (with, for example, prior convictions, evidence of disciplinary proceedings, or testimony from the alleged victims)." *United States v. Hruby*, 19 F.4th at 967. Here, no such corroboration exists. There is no evidence showing Defendant had exclusive access to the Sony CyberShot camera which was purportedly used to take the photos. In fact, the other images on the SD card which were taken earlier that same night indicate that other people were using the camera to either take photos of each other or of themselves. The Court also notes that the Sony CyberShot camera was found in the basement where Defendant was living, but the SD card with the explicit images of the girl was found in the garage. Defendant does not appear in the explicit images on the SD card, and the hand in the images has not been identified as Defendant's hand.

However, even if the Court concludes that the images from the SD card are relevant under Rule 414(a) because a jury could reasonably conclude that Defendant

5

took the photos or possessed the photos, "Rule 414 must be read in conjunction with Rule 403." *United States v. Libby-Tipton*, 948 F.3d at 701. Under Rule 403, a district court may exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "In considering the probative value of evidence, courts may consider the closeness in time between the acts, the similarity between the act in question and the prior act, and the necessity of the evidence to the government's case, including whether there were less invasive means of obtaining the information." *Libbey-Tipton*, 948 F.3d at 701.

According to the metadata for the explicit images, the images on the SD card were created on July 4, 2007. The acts which form the basis of the charges against Defendant occurred in 2017 and 2019. While this substantial gap in time between the acts would seem to decrease their probative value, where evidence of other sex offenses was substantially similar to the current charges, courts have found that "the passage of time has not depreciated the probative value of the prior conviction." *United States v. Leasor*, No. 3:19-CR-124, 2020 WL 4937787, at *2 (W.D. Ky. Aug. 24, 2020) (collecting cases); *see also United States v. Emmert*, 825 F.3d 906, 909 (8th Cir. 2016) (affirming trial court's admission of Rule 414 evidence of defendant's prior conviction of sexual abuse from twenty years earlier, when he was seventeen years old and still a minor). However, in this case, there is no prior conviction for possession of the images on the SD card or the acts taking place in the images. Instead, the only connection between the explicit images on the SD card and Defendant is that the SD card was found in the garage of his parent's

6

house and he appears in another photo on the SD card taken on the same night as the explicit images.

The United States points out that the explicit images on the SD card are nearly identical to those the government alleges Defendant produced of Minor Victim A and C: young girls with their privates exposed while asleep. The United States maintains the evidence from the SD card is necessary to its case to establish identity because Defendant's face is not depicted in any of the sexually explicit images it alleges Defendant produced; and Defendant was not found in possession of the laptop where the explicit images were found. The United States contends that it must be able to rebut any argument that Defendant might make that someone else stored those images on the laptop. However, as Defendant points out, Defendant went to the police station to retrieve the laptop, thereby demonstrating his ownership of the laptop. Therefore, even though the Sixth Circuit has "overwhelmingly approved of the admission of 'other acts evidence' when identity is a material issue," *see United States v. Perry*, 438 F.3d 642, 648 (6th Cir. 2006), in this case, there are less invasive means of obtaining the information.[2]

Defendant also argues that the United States is attempting to offer speculative evidence that Defendant committed an even more serious crime involving sexually explicit images of a toddler. Defendant maintains that such allegations are more prejudicial than the allegations in this case, which involves young girls from the ages of nine to fifteen

---

[2]In addition, the Court would note that the parties have already stipulated that in 2016, Defendant was convicted of three misdemeanor offenses for the vaginal intercourse he engaged in with Minor Victim B. (Doc. 52). Therefore, this prior conviction can be used to show intent and knowledge. *Accord Libbey-Tipton*, 948 F.3d at 702 (in a case where "the physical act and the subject matter of the child pornography are strikingly similar . . . [i]t is logical to infer that Libbey-Tipton's preference for pornography depicting prepubescent girls would translate from his actions in the molestation of his four-year-old cousin and serve as relevant evidence whether it was Libbey-Tipton that downloaded the images.").

7

years old. In addition, Defendant argues that presenting unproven evidence that Defendant took sexually explicit pictures of a toddler will create an unnecessary sideshow.

The Sixth Circuit has recognized that prior bad acts evidence may be potentially prejudicial because it is both inflammatory and distracting. *United States v. Stout*, 509 F.3d 796, 801 (6th Cir. 2007). As the Sixth Circuit has explained:

> Inflammatory details that have little probative value would be considered unfairly prejudicial—as opposed to simply prejudicial. *United States v. Sims*, 708 F.3d 832, 835–36 (6th Cir. 2013) (citing *United States v. Bilderbeck*, 163 F.3d 971, 978 (6th Cir. 1999) (noting that "unfair prejudice [ ] mean[s] the undue tendency to suggest a decision based on improper considerations")). Details have been considered inflammatory enough to be unfairly prejudicial when the prior acts were "more lurid and [ ] more interesting than the evidence surrounding the actual charges." *Stout*, 509 F.3d at 801.

*Libbey-Tipton*, 948 F.3d at 704. In this case, the explicit images on the SD card are inflammatory enough to be unfairly prejudicial. As Defendant points out, under the Sentencing Guidelines, a child pornography offense involving an infant or toddler receives the same enhancement as material exhibiting "sadistic or masochistic" conduct. *See* U.S.S.G. § 2G2.2 (4) ("If the offense involved material that portrays (A) sadistic or masochistic conduct or other depictions of violence; or (B) sexual abuse or exploitation of an infant or toddler, increase by 4 levels."). The Court also notes that because the prior acts the United States is seeking to introduce are unproven, "the introduction of those prior acts could shift the focus of the jurors from the current charges and could turn into a series of distracting mini-trials." *Libbey-Tipton*, 948 F3d at 702 (citing *United States v. Hough*, 385 F. App'x 535, 537-38 (6th Cir. 2010)). Therefore, under the circumstances, the Court concludes that the admission of the explicit images on the SD card could shift

8

the focus of the jurors from the current charges and require a potentially inflammatory and confusing "mini-trial." See *United States v. Leasor*, No. 3:19-CR-124, 2020 WL 4937787, at *2 (W.D. Ky. Aug. 24, 2020). Accordingly, the explicit images on the SD card are not admissible under Federal Rules of Evidence 414 and 403 in the United States' case-in-chief but may become admissible at trial for other purposes.

### III.  CONCLUSION

Based on the foregoing, to the extent that the United States seeks to introduce the images from the SD card into evidence under Federal Rule of Evidence 414, the United States' Motion *in Limine* and Notice of Intent to Introduce Other Acts Evidence (Doc. 46) in the United States' case-in-chief is **DENIED**.

**IT IS SO ORDERED.**

    */s/ Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court