UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO.  1:20-cr-020 |
| | : | |
| v. | : | Hon. Michael R. Barrett |
| | : | |
| | : | |
| NICHOLAS VEERKAMP | : | |

**UNITED STATE'S SENTENCING MEMORANDUM**

Plaintiff United States of America, by and through its counsel of record, the United States Attorney's Office for the Southern District of Ohio, hereby submits its sentencing memorandum.

**I.    Background**

After a jury trial in October 2022, Defendant Nicholas Veerkamp was convicted of two counts of Sexual Exploitation of Children, one count of Possession of Child Pornography, and one count of Penalties for Registered Sex Offenders.[1] The victims where 9 and 12 years old when Veerkamp committed these offenses.  The evidence against Veerkamp at trial consisted of numerous photographs, text messages, the testimony of the Minor Victims, and his history of sex offenses.  Convicted on all the remaining counts, Veerkamp now faces a minimum sentence of 15 years up to 30 years on the Sexual Exploitation of Children Charges; 10 years consecutive on the Penalties for Sex Offender charge; and up to 20 years on the Possession charge.  As currently calculated in the presentence report (PSR), the defendant's criminal history category is III and his offense is reduced from level 44 to the guideline maximum level 43.  This results in a

---

1 Prior to trial commencing, the United States dismissed count 3 involving the receipt of child pornography from a third Minor, Minor Victim B.

recommended life sentence which is further reduced to the statutory maximum for each offense which amounts to 90 years. (Count 1: 15-30 years; Count 2: 15-30 years; Count 4: 0-20 years; & Count 5: 10 years consecutive to Counts 1 & 2.)

## II. Sentencing Factors

The United States Sentencing Guidelines are advisory, but they remain "the starting point and the initial benchmark" in sentencing. *Gall v. United States,* 552 U.S. 38, 49-50 (2007). The Guidelines must be properly calculated and considered, but ultimately the Court must craft a sentence that sufficiently accounts for the sentencing factors and objectives outlined in 18 U.S.C. § 3553(a). *Id*. at 49-50. Substantive reasonableness requires the sentence imposed by the district court to be reasonable based upon the totality of the circumstances. *Id* at 51. The factors to be considered under 18 U.S.C. § 3553(a) include the nature and circumstances of the offense, the history and characteristics of the defendant, the seriousness of the offense, the need to deter the defendant and others, and the need to protect the public from the defendant's crimes.

### A. Nature of Offense and Characteristics of Veerkamp

In this case, Veerkamp sexually exploited a 9 and 12 year old girl. Veerkamp's crimes were well documented at trial and in the Presentence Investigation Report. Though one detail from trial bears repeating: the fear Minor Victim C felt the night Veerkamp took the photos of her:

> [O]ne time was like a dream, but it's not really a dream because it felt so real that I was shaking. My eyes were open, and I was in my bed, and I felt somebody lift up my skirt on my bed. All my blankets were off. And when I panicked and opened my eyes and, you know, like, pushed my skirt back down, there is a figure in my room on the ground just, like, sitting on the ground looking at me. And I just was so scared that I didn't move, and I didn't want to get up, didn't want to run to my mom and tell her.

(Minor Victim C Dir. Ex. PageID #320.)

>I feel like that's something that would only happen in a dream, but it felt so real. I was shaking and crying and just terrified.

(*Id*. at PageID # 321.)

>It's not blurry. It's very visible, like, that the fear I felt, the shadow man who was, like, on the floor of my room staring. Like, I can see the outlines really clearly.

(*Id*. at PageID # 325.)

Notably, this conduct occurred while Veerkamp was still on probation for three misdemeanor Sexual Imposition offenses for having sex with a 13 year old girl, Minor Vitim B. (PSR ¶ 85.) Sexually explicit photos of Minor Victim B, who was now 16 when they were taken, were found amongst Veerkamp's possessions. Thus, despite being convicted and sentenced, Veerkamp continued his sexual relationship with Minor Victim B. Further, Veerkamp was a registered sex offender during this offense. However, he registered at his parents' house despite leasing a house with his girlfriend in Colerain.[2] Finally, as detailed at trial, in July of 2007 when Veerkamp was minor, he took similar photos of a toddler female. (PSR ¶ 82.) This were located on a thumb drive in his bedroom. (*Id*.)

Taken together, Veerkamp has shown a consistent pattern of sexually abusing minors. The instances we know about started when he was 15, occurred again at age 23, and continued until his arrest at age 28. He's shown no remorse or contrition for his conduct nor has he demonstrated how he's changed. Thus, should the opportunity present itself, Veerkamp would likely offend again.

**B.    Deterrence**

---

2 His father even signed paper working stating Veerkamp lived in their home when a Sherriff's deputy stopped by to verify his residence.

The Sixth Circuit has "told sentencing courts *repeatedly*, 'general deterrence is crucial in the child pornography context' to protect the public by deterring the market for such products and activities." *United States v. Schrank*, No. 17-6093, 2019 WL 1716009, at *2 (6th Cir. Apr. 16, 2019) (emphasis in original), citing *United States v. Robinson*, 778 F.3d 515, 520-21 (6th Cir. 2015) (editorial mark omitted); *see also United States v. Bistline*, 720 F.3d 631, 632 (6th Cir. 2013); *United States v. Christman*, 607 F.3d 1110, 1121 (6th Cir. 2010); *United States v. Camiscione*, 591 F.3d 823, 834 (6th Cir. 2010).  Here, Veerkamp creeped into the bedrooms of minor girls and took sexually explicit photos of them.  He also obtained additional sexually explicit photos by continuing his unlawful relationship with Minor Victim B.  The sentence in this case needs to strongly deter such repetitive conduct and protect society from Veerkamp.

**III.   Conclusion**

In summation, an individualized assessment of Veerkamp's behavior suggests any substantial variance would be difficult to justify.  Veerkamp's criminal history is bad, his exploitation of minors is persistent, and he's unremorseful.  Moreover, given the opportunity, Veerkamp seems likely to reoffend in some manner. These factors suggest the sentence the court should impose needs to, at a minimum, incarcerate Veerkamp through any of his remaining productive years.[3]  Indeed, even if the Court was convinced Veerkamp would not reoffend in the future, "there still has to be a punishment; it's part of the debt [Veerkamp] owe[s] society for having engaged in conduct that's so harmful." *United States v. Martin*, 722 F. App'x 435, 437 FN1 (6th Cir. 2018) (Affirming 414 month sentence for Production, Possession, and Receipt of child

---

3 See *The Effects of Aging on Recidivism Among Federal Offenders*, United States Sentencing Commission published September 30, 2021.   Detailing that 30.8% of federal defendants released from prison between the ages of 50-59 reoffend within 8 years where only 15.9% of defendants released at age 60 or older reoffend within the same time frame.

4

pornography for 43 year old defendant despite it taking the defendant "to the edge of his life expectancy").

Here, the United States request the Court sentence Veerkamp to 420 months[4] in prison followed by lifetime supervision, $400 in special assessments, and the $5,000 JVTA assessment. Such a lengthy sentence achieves the goals of sentencing by adequately protecting the public from Veerkamp, providing just punishment for his offense, and giving him reason to rehabilitate himself for a potential release later in life when he will be closer to 60 years old.

Respectfully submitted,

KENNETH L. PARKER
United States Attorney

*s/Kyle J. Healey*
KYLE J. HEALEY (0083794)
Assistant United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
Office: (513) 684-3711
Fax: (513) 684-6385
E-mail: Kyle.Healey@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *UNITED STATE'S SENTENCING MEMORANDUM* has been electronically served upon all counsel of record via the Court's CM/ECF system this 22nd day of May, 2023.

*s/Kyle J. Healey*
KYLE J. HEALEY (0083794)
Assistant United States Attorney

---

[4] 300 months on Counts 1 & 2, Concurrent to each other; 240 months on Count 4, Concurrent to Counts 1 & 2; and 120 months on Count 5, consecutive to Counts 1 & 2.