UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 1:20-CR-020 |
| | : | |
| Plaintiff, | : | |
| | : | Judge Michael Barrett |
| v. | : | |
| | : | |
| NICHOLAS J. VEERKAMP | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

### SENTENCING MEMORANDUM

The question to be addressed at sentencing is whether it is necessary that Nick Veerkamp serve more than 1/3 of his life in prison for this case. For counts 1 and 2, Nick is subject to a mandatory minimum sentence of 15 years. For count 5, Nick is subject to a mandatory minimum sentence of 10 years which must be served consecutive to all other counts. Thus, as it stands, Nick must receive a sentence of at least 25 years. Assuming an average life span, a 25-year sentence is 1/3 of his life.

By law, this Court must consider the guidelines when determining the appropriate punishment. However, as with many offenses involving child pornography, the guidelines do not serve to meaningfully distinguish offenders. Even with production offenses, there is a range of potential conduct that can serve as the basis of a production offense. The guidelines do not account for such a range and designate every offender as unworthy of potential redemption.

If one were to consider a hierarchy of sexual exploitation offense conduct, the convicted conduct in this case would be toward the bottom end. At the worst of the worst top end of the hierarchy, there are cases where the defendant records a physical sexual assault on the victims and

1

then distributes the recordings of the offense for profit. Only slightly less egregious, there are physical contact cases with passive distribution. There are non-physical contact cases with distribution of images for profit. There are non-physical contact cases with passive distribution. Towards the bottom end, there are non-physical contact cases without distribution.

Simply put, for multiple reasons, it matters that the convicted conduct does not include a hands-on offense. And it matters that the images were not distributed. Recognizing such distinctions does not diminish the seriousness of the offenses. Counsel is not arguing that these distinctions suggest Nick get a slap on the wrist. To the contrary, these distinctions are only made after recognizing that Nick will get a minimum of 25 years in prison. In other words, it is the arena of comparing potential 25-year sentences to sentences over 30 years where these distinctions become relevant.

Furthermore, it is worth noting that the images stored on Nick's computer were not only not distributed, but the images were also not even looked at. Evidence presented at the trial showed the images were not accessed until another person unzipped the .ZIP file containing the images while Nick was at work and did not have access to the computer. While the conduct at issue is serious, there is always a scale. That scale matters when determining the appropriate sentence. Sentences over the 25-year mandatory minimum should be for hands on offenses and/or distribution.

Admittedly, the most aggravating factor present in this case is the recidivist aspect. However, that factor is very much ***already accounted for*** in the minimum sentence this Court must give. Nick was convicted of commission of an offense involving a minor while being required to register as a sex offender. There is no question that this is a serious offense. Accordingly, Congress legislated what it saw as an appropriate sentencing scheme for this recidivist offense. Nick will

receive a minimum sentence of 10 years for this offense which must be served *consecutive* to the rest of his sentence. Congress baked in legitimate concerns of recidivism into this enhanced statutory scheme. Even with the minimum total sentence of 25 years, the most aggravating factor will be built into the overall sentence because the sentence will necessarily include a ten-year sentence on top of the sentence for the rest of the convictions.

The guidelines direct this Court to write Nick off. Send him away without hope of any possible future. Indeed, the applicable Guidelines are for Nick to receive a life sentence *and then* 10 years on top of that. This type of sentence is draconian to say the least and is substantially longer than necessary for Nick. The government is requesting a sentence below Guidelines at 420 months in prison. This Court then must determine the final total punishment in accordance with all the facts and Nick's characteristics.

The punishment in this case will extend beyond any term of imprisonment; the enormity of the collateral consequences for his convictions cannot be denied. Twenty-five years is a long sentence that will substantially impact the entirety of Nick's life. Nick is 31 years old. He will be in his 50s when released. He will have no employment history which will make getting a job difficult. He will have no assets or retirement savings. Finding a place to live while being a registered sex offender is difficult. His life will be hard, to say the least. He will experience punishment long after his eventual release from the sentence imposed in his case.

Nick does have family support. His mother was present in court throughout the trial. Nick has been supportive of his friends and family. *See* Letter in Support from Patty Veerkamp, attached as Exhibit A. In turn, his family has faith in him and they believe he can succeed when released. *See* Exhibit B, Letter in Support from Mr. Veerkamp. In the words of Ms. Veerkamp, "I want him to be able to be safe and learn. I have faith that he will make an important contribution to the world

in whatever he does and becomes." Exhibit A. In the words of his aunt, "As it is understood many years must be given as a minimum sentence, I know Nick has the intelligence, ability, and desire to make positive contributions to society." Exhibit B, Letter from Mary Neumann.

Lastly, Nick has struggled with his mental health for many years. His depression and social anxiety are well documented. He chose to live in isolation at the Boone County jail. It was a miserable experience that lasted through the pandemic and a jail staffing shortage. As a result of those difficult circumstances, there was a lack of attention to Nick's need for treatment. When moved to the Butler County jail because the Boone County jail removed all federal inmates (Nick did nothing wrong), Nick has been able to be in general population. In total, due to the pandemic and other factors beyond all parties' control, Nick has spent 3 years and 4 months doing time in a county jail. County jails are not meant to house people for this long. Thus, Nick has already suffered serious punishment. And he has not caused any issues during this incarceration. Nick has talked with counsel about how he looks forward to being moved to a federal institution where services are hopefully available.

Through counsel, he respectfully requests this Court not write him off. A huge sentence is required under law no doubt. This is a case where the mandatory minimum, and its length, already strikes the balance between all the sentences factors.

Respectfully submitted,

**/s/ Eric G. Eckes**
ERIC G. ECKES (0091840)
STEPHANIE F. KESSLER (0092338)
Pinales, Stachler, Young & Burrell Co., LPA
455 Delta Ave., Suite 105
Cincinnati, Ohio 45226
(513) 252-2723
(513) 252-2751
eeckes@pinalesstachler.com

4

skessler@pinalesstachler.com